UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
GARY LABARBERA and FRANK FINKEL,
Trustees of Local 282 International
Brotherhood of Teamsters Welfare,
Pension, Annuity, Job Training and
Vacation Sick Leave Trust Funds,

                Plaintiffs,

-against-

GLOBAL ENVIRONMENTAL
TECHNOLOGIES, INC.,

                Defendant.
-----------------------------------------------------x

**MEMORANDUM AND ORDER**
No. 06-CV-2711 (FB) (MDG)

*Appearances:*
*For the Plaintiffs:*
AVRAM H. SCHREIBER, ESQ.
40 Exchange Place, Suite 1300
New York, NY 10005

**BLOCK, Senior District Judge:**

        Plaintiffs are trustees of employee-benefit trust funds ("the Funds") established pursuant to a collective-bargaining agreement ("CBA") between Local 282 of the International Brotherhood of Teamsters Welfare, Pension, Annuity, Job Training and Vacation Sick Leave Trust Funds ("the Union"). In a complaint filed on May 31, 2006, the Funds allege that defendant, Global Environmental Technologies, Inc. ("Global"), employed Union members, but has failed to pay fringe benefit contributions and/or delinquency charges to the Funds as required by the CBA. As Global has failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #4 (Clerk's Notation of Default dated June 29, 2006), the Funds now move for entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

The Funds' allegations – now deemed admitted – that Global (1) employed Union members, (2) was required by the CBA to remit fringe benefit contributions and/or delinquency to the Funds on behalf of those employees, and (3) has underpaid contributions for the period of November 2005 and has failed to pay contributions for the periods of the weeks ending November 11, 2005, December 30, 2005, March 31, 2006, April 21, 2006, and April 28, 2006, as well as for periods including and continuing from May 26, 2006, are sufficient to establish a breach of the CBA and, by extension, a violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Having established a violation of § 1145, the

Funds are entitled to the following remedies:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of –
>
> > (i) interest on the unpaid contributions, or
> >
> > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[I]nterest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of [the Internal Revenue Code]." *Id.*

The Funds' motion for entry of a default judgment is granted. The matter is referred to the assigned magistrate judge for determination of the relief to be awarded under 29 U.S.C. § 1132(g)(2).

**SO ORDERED.**

/signed/
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
September 18, 2006